IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T.N. INCORPORATION LTD., <br><br> **Plaintiff/Counterclaim Defendant,** <br><br> v. <br><br> FIDELITY INFORMATION SERVICES, LLC; FIDELITY NATIONAL INFORMATION SERVICES (NETHERLANDS) B.V.; FIDELITY INFORMATION SERVICES (THAILAND) LTD., <br><br> **Defendants/Counterclaim Plaintiffs.** | Civil Action No. 18-05552-WB |

**PLAINTIFF'S MOTION TO STRIKE THE EXPERT REPORT
AND TESTIMONY OF MICHAEL J. LASINSKI,
OR IN THE ALTERNATIVE, TO
EXCLUDE PURSUANT TO F.R.E. 702**

Plaintiff, T.N. Incorporations, Ltd. ("Plaintiff" or "TNI"), hereby moves this Honorable Court, to strike the expert report and testimony of Defendants', Fidelity Information Services, LLC, Fidelity National Information Services (Netherlands) B.V., and Fidelity Information Services (Thailand) Ltd. (collectively "Counterclaim-Plaintiffs" or "FIS"), proposed expert, Michael J. Lasinski, because it is not proper rebuttal testimony pursuant to Federal Rule of Civil Procedure 26. In the alternative, Plaintiff moves this Honorable Court to exclude the expert report and testimony of Michael J. Lasinski pursuant to Federal Rule of Evidence 702.

The basis for this Motion to Strike and Exclude, and as further detailed in the accompanying Brief, can be summarized as follows:

1. The expert report is not a proper rebuttal report;

1

2. The expert report contains new opinions regarding licensing that should have been presented in initial opening expert report;

3. The expert report disguised as rebuttal is untimely;

4. The expert report, if allowed, would prejudice TNI;

5. The expert report consists of inadmissible legal conclusions that would be highly prejudicial if the report were allowed;

6. The expert report is based on unsupported speculation;

7. The expert report will not assist the Court or trier of fact;

8. The expert employed no discernable methodology, or employed an improper methodology;

9. The expert report is not relevant to the pertinent inquiry; and

10. The expert report fails to comply with Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 702.

Plaintiff's Brief in Support of this Motion and a Proposed Order are filed concurrently herewith.

This Court entered the Stipulated Protective Order governing this on September 4, 2020. (ECF No. 85). Section 16 of the Stipulated Protective Order provides in pertinent part:

**16.     FILING PROTECTED MATERIAL**

\*\*\*

(b)     Any Party is authorized under this Court's Rules to file under seal with the Court any briefs, documents, or materials that are designated as Protected Material under this Order. However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

3

Pursuant to Section 16(b) of the Stipulated Protective Order, Plaintiff is filing its Brief in Support of this Motion and accompanying exhibits under seal. If the Court wishes Plaintiff to also file a redacted version for the public record, Plaintiff will promptly do so.

Date: <u>August 23, 2021</u>                                  Respectfully submitted,


                                                                          <u>s/John J. O'Malley</u>
                                                                          John J. O'Malley (Pa ID. 68222)
                                                                          VOLPE KOENIG
                                                                          30 South 17th Street, Suite 1800
                                                                          Philadelphia, PA  19103
                                                                          Tel: (215) 568-6400
                                                                          jomalley@vklaw.com

                                                                          *Attorneys for Plaintiff T.N. Incorporation*

6970410.1